IN THE

# United States Court of Appeals for the Second Circuit

| | | |
|---|---|---|
| WILLIAM ALBERT HAYNES, III, | : | No. 16-1237 |
| Appellant, | : | |
| vs. | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| Appellee. | : | |

**MOTION TO DISMISS APPEAL FOR
LACK OF APPELLATE JURISDICTION**

World Wrestling Entertainment, Inc. ("WWE"), moves for an order dismissing this appeal for lack of appellate jurisdiction. In support of its motion, WWE asserts the following:

**BACKGROUND**

1. In 2014, Appellant William Albert Haynes, III, filed a complaint against WWE in the U.S. District Court for the District of Oregon.

2. The complaint alleged that WWE ignored, downplayed and/or failed to disclose risks associated with traumatic brain injuries that Appellant allegedly sustained while he performed for WWE.

3. The complaint purported to be a class-action complaint although, to date, no class certification has been requested or granted.

4. WWE filed a motion to transfer venue to the District of Connecticut, and the Oregon court granted the motion.

5. The Connecticut district court ultimately entered a text order consolidating this case with four other cases in which former wrestlers or persons claiming to represent their interests made similar allegations against WWE and one other case in which WWE sought a declaratory judgment that claims of other former wrestlers were barred by Connecticut's statutes of limitation and repose.[1] *See* Doc. No. 79 (Oct. 5, 2015).

---

[1] The consolidated cases included in addition to this one the following: *Singleton v. World Wrestling Entertainment, Inc.,* No. 3:15-cv-425 (VLB) (transferred from the Eastern District of Pennsylvania); *McCullough v. World Wrestling Entertainment, Inc.,* No. 3:15-cv-1074(VLB) (transferred from the Central District of California); *Frazier v. World Wrestling Entertainment, Inc.,* No. 3:15-cv-1305 (VLB) (transferred from the Western District of Texas); *James v. World Wrestling Entertainment, Inc.,* No. 3:15-cv-1229 (VLB) (transferred from the Northern District of Tennessee) and *World Wrestling Entertainment, Inc. v. Windham* et al., No. 3:15-cv-994 (VLB) (WWE's declaratory-judgment action).

6. The district court designated *McCullough* as the "lead case" and directed that all filings in the six consolidated cases be made to the docket number for that case.

7. WWE filed motions to dismiss in each case in which it was a defendant.

8. On March 21, 2016, the district court entered an order (supported by a memorandum of decision) resolving the motions to dismiss in this case and in the *Singleton* and *McCullough* cases. (Doc. No. 116). WWE is attaching a copy of the March 21, 2016, memorandum of decision and order at Tab "A."

9. The district court's March 21, 2016, order dismissed all claims in this case, all claims in *McCullough* and all claims in *Singleton* except for a fraud by omission count asserted by each of the plaintiffs in that case. *Id.*

10. The district court's March 21, 2016, order did not address or resolve the motions to dismiss in *Frazier* and *James*.

11. By text order dated March 22, 2016, the district court dismissed *Windham,* WWE's declaratory-judgment action (a dismissal

WWE believes was both procedurally and substantively improper and which WWE has moved to reconsider on these bases).

12. Thus, in these consolidated cases, there remain claims pending in the district court; *i.e.,* in *Frazier, James* and *Singleton*.

13. The plaintiffs in this case and *McCullough* have not asked the district court to certify as final any part of its March 21, 2016, order pursuant to Federal Rule of Civil Procedure 54(b), and the district court has made no such certification.

14. On April 20, 2016, the plaintiffs in this case and *McCullough* filed separate notices of appeal to this Court. *See Haynes v. World Wrestling Entertainment, Inc.,* No. 16-1237, and *McCullough v. World Wrestling Entertainment, Inc.,* No. 16-1231.[2]

## **ARGUMENT**

15. A federal court of appeals generally has jurisdiction only from final orders or judgments of the district court. *See* 28 U.S.C. § 1291.

16. In *Hageman v. City Investing Co.,* 851 F.2d 69 (2d Cir. 1988), this Court considered whether, "in a consolidated action, a judgment

---

[2] On its docket, this Court has listed the cases as related.

that does not dispose of all claims is a final decision within the purview of section 1291 absent certification under Fed. R. Civ. P. 54(b)." *Id.* at 71.

17. After weighing the approaches taken by other circuits, the Court in *Hageman* concluded that, "when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification." *Id.*[3] This Circuit has

---

[3] The Supreme Court cited this Circuit's rule from *Hageman* in *Gelboim v. Bank of America Corp.,* No. 135 S.Ct. 897 (2015), but did not suggest it was overruling it. That is likely because the circumstances at issue in *Gelboim* were fundamentally inapposite. That case dealt with the circumstance in which cases are transferred to a single court by the Panel on Multidistrict Litigation for pretrial procedural efficiency. Under MDL procedures, at the conclusion of those pretrial procedures, the MDL transferee court remands each case to the transferor court for final resolution. The issue in *Gelboim* was whether, if the MDL transferee court dismisses all of the claims in one of the cases gathered in the MDL action, the plaintiff in that one case can immediately appeal.

The Supreme Court explained that MDL cases "ordinarily retain their separate identities" because an MDL order such as the one in *Gelboim* seeks to offer convenience for the parties and to promote efficient judicial administration, "but did not meld the *Gelboim-Zacher* action and others in the MDL into a single unit." *Id.* at 905. The Supreme Court worried that those plaintiffs whose cases were essentially dismissed by the MDL court would be left in a quandary about when was the proper time for appeal; would it be within 30 days of the conclusion of the MDL pretrial process, within 30 days of the remand of the MDL cases to their transferor courts or within 30 days of the conclusion of the last of the MDL cases in its transferor court? *Id.* That practical concern does not exist here. Messrs. McCullough, Sakoda and Wiese are in no sense left in a quandary about when to file their notice

5

consistently applied this standard in subsequent cases. *See. e.g., Houbigant, Inc. v. IMG Fragrance Brands, LLC,* 627 F.3d 497 (2d Cir. 2010); *Kelly v. City of New York,* 391 Fed. App'x 69 (2d Cir. 2010).

18. This case is like *Hageman* and its progeny: the district court consolidated several cases and dismissed many but not all claims that were consolidated.

19. There is, then, a strong presumption that the district court's March 21, 2016, order is not appealable.

20. The Court has recognized two circumstances in which the presumption may be overcome.

a. First, where a notice of appeal is premature under *Hageman* but a final judgment is entered by the time the appeal is heard and there is no prejudice to the appellee, the Court may proceed to hear the case. *See Smith v. Half Hollow Hills Cent. Sch. Dist.,* 298 F.3d 168, 172 (2d Cir. 2002).

---

of appeal. The consolidated cases remain pending in a single court before a single judge, and counsel for Messrs. McCullough, Sakoda and Wiese remain on the electronic-service list for those cases. When the final consolidated claim is resolved by judgment or dismissal order, all plaintiffs will know that they have 30 days from that date to file their notices of appeal. *Hageman* remains controlling law in this Circuit.

6

      b.    Second, where a district court directs the entry of final judgment on all claims and makes reference to Rule 54(b) even though it did not make the finding required by that rule, the Court may consider the appeal. *See Vona v. County of Niagara,* 119 F.3d 201, 205-06 (2d Cir. 1997).

    21.    Neither *Smith* nor *Vona* provides an exception to the *Hageman* rule in this case.

      a.    As of the date on which WWE is filing this motion, there is no final order or final judgment and, so, *Smith* has no application here.

      b.    The district court has never indicated that it intended its March 21, 2016, order to be final and, so, *Vona* has no application here.

    22.    Accordingly, the district court's March 21, 2016, order was not final or otherwise appealable; the notice of appeal in this case was premature and the Court does not have appellate jurisdiction.

## **CONCLUSION**

WHEREFORE, Appellee World Wrestling Entertainment, Inc., respectfully requests that the Court grant this motion and dismiss this appeal for lack of appellate jurisdiction.

                                          Respectfully submitted,

| | |
|---|---|
| Jeffrey Mueller<br>DAY PITNEY LLP<br>242 Trumbull St.<br>Hartford, CT  06103<br>(860) 275-0100 | s/ David R. Fine<br>Jerry S. McDevitt<br>Curtis B. Krasik<br>K&L GATES LLP<br>K&L Gates Center<br>210 Sixth Ave.<br>Pittsburgh, PA  15222<br>(412) 355-6500 |
| | David R. Fine<br>K&L GATES LLP<br>Market Square Plaza<br>17 North Second St., 18th Fl.<br>Harrisburg, PA 17101<br>(717) 231-4500 |
| April 27, 2016 | *Counsel for Appellee World Wrestling Entertainment, Inc.* |

8

## **CERTIFICATE OF SERVICE**

I certify that, on April 27, 2016, I filed the attached motion with the Court's ECF system such that all counsel will receive service automatically.

/s/ David R. Fine